UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.B., A# 221-418-084, | Case No.:  26-cv-182-RSH-BJW |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al., | |
| Respondents. | |

On January 12, 2026, petitioner L.B. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Turkey, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 1. Petitioner was arrested on February 25, 2025, is awaiting a merits hearing before an immigration judge on her claims for asylum and related relief, and challenges her continued detention without a bond hearing as being unduly prolonged in violation of due process. *Id.* ¶¶ 38, 65, 66. Respondents have not filed a return.

Petitioner argues that her continued detention without a bond hearing at this point in time—now over 11 months since her arrest—violates due process, citing and analyzing the

1

26-cv-182-RSH-BJW

factors used by the district court in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117-18 (W.D. Wash. 2019). ECF No. 1 ¶¶ 38-53. This Court agrees. The length of Petitioner's detention to date, the fact that she still does not have a merits hearing scheduled, the likely duration of her future detention, her lack of responsibility for the delays, and her current conditions of confinement all favor Petitioner.

Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)). The Petition is therefore **GRANTED**. Respondents are directed to arrange an individualized bond hearing for Petitioner L.B. before an immigration court within ***ten (10) days of this order*** as described above. The Court declines at this time to order Petitioner's immediate release, to preside at a bond hearing, or to issue further injunctive relief. To the extent Petitioner seeks to recover attorneys' fees, she must pursue them in the manner provided by the Federal Rules of Civil Procedure and/or the Local Rules of this Court. The hearing date set for February 5, 2026, and any other dates set in this case are hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: January 28, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-182-RSH-BJW