UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.B., A# 221-418-084,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-182-RSH-BJW<br><br>**ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT**<br><br>[ECF No. 7] |

On January 12, 2026, petitioner L.B. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Turkey, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 1. Petitioner was arrested on February 25, 2025, is awaiting a merits hearing before an immigration judge on her claims for asylum and related relief, and challenged her continued detention without a bond hearing as being unduly prolonged in violation of due process. *Id.* ¶¶ 38, 65, 66.

On January 28, 2026, the Court entered an order determining that Petitioner's detention had become unduly prolonged, such that she was entitled to a bond hearing as a matter of due process. ECF No. 5 at 1–2.

The Court concluded:

> Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)). The Petition is therefore **GRANTED**. Respondents are directed to arrange an individualized bond hearing for Petitioner L.B. before an immigration court within ***ten (10) days of this order*** as described above. The Court declines at this time to order Petitioner's immediate release, to preside at a bond hearing, or to issue further injunctive relief.

*Id.* at 2.

On February 2, 2026, Petitioner received a timely bond hearing, at which the immigration judge denied bond on the ground that Petitioner was a flight risk. ECF No. 11 at Ex. 1.

On March 2, 2026, Petitioner filed the present motion to enforce judgment. ECF No. 7. Petitioner argues that her bond hearing did not comport with the Court's order because (1) "the burden of proof was not properly assigned" and (2) the immigration judge "was not a neutral arbiter." *Id.* at 1. Respondents opposed, arguing that Petitioner's claims were unfounded, and that Petitioner also failed to exhaust administrative remedies by appealing the adverse bond decision to the Board of Immigration Appeals ("BIA"). ECF No. 11. The Court directed a reply brief from Petitioner addressing exhaustion of administrative remedies, which Petitioner timely filed. ECF Nos. 12, 13.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-*

2

26-cv-182-RSH-BJW

*Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Hernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *See Leonardo*, 646 F.3d at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

26-cv-182-RSH-BJW

Here, the Court is not persuaded that Respondents have failed to provide "a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." There is no dispute here that the government timely held a bond hearing as directed by this Court's order; or that the immigration judge denied bond after hearing evidence and argument, and concluding that Petitioner is a flight risk. *See* ECF No. 11 at Ex. 1. Neither party has provided a transcript or recording of the hearing, although both Parties agree that the immigration judge at least purported to place the burden of proof on the government. Petitioner contends that the immigration judge nonetheless erred in determining that the government had met that burden, and more specifically, identifies seven points of "legal error" in the immigration judge's decision. ECF No. 7 at 5. But Petitioner's claims of legal error in the immigration judge's bond decision should be determined, in the first instance, by the BIA. *See Leonardo*, 646 F.3d at 1160. On the record before this Court, those claims of error do not establish a failure to comply with the Court's order. The Court declines to act as an appellate administrative tribunal in addressing the merits of each claimed error. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires prudential exhaustion of these issues; and declines to waive that requirement based on a determination of irreparable injury or futility. Although Petitioner argues that the BIA cannot adjudicate constitutional issues, there is no indication that the BIA would lack jurisdiction to address any of Petitioner's claimed errors.

Petitioner also argues that the immigration judge was not a "neutral arbiter," an allegation that is based largely on the contention that many or most current immigration judges are not neutral. ECF No. 7 at 13–24. Petitioner additionally includes a letter from another attorney, providing a critique of the immigration judge's February 2, 2026 hearing that significantly overlaps with Petitioner's claims of legal error. ECF No. 7-1 at 40–46. Here as well, the Court is not persuaded that Respondents have failed to comply with this Court's order. The Court's order contemplated that Petitioner would receive a bond hearing

26-cv-182-RSH-BJW

before an immigration judge. That order, which Petitioner did not appeal, declined to order Petitioner's immediate release or hold a bond hearing in the district court.

For the foregoing reasons, Petitioner's motion to enforce [ECF No. 7] is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 27, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-182-RSH-BJW